UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD SPARKS,<br>Plaintiff,<br>v.<br>AMERICAN EXPRESS NATIONAL BANK, et. al.,<br>Defendants. | Case No. 2:26-cv-02443-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Provest Litigation Services, LLC's Motion to Stay Discovery. ECF No. [25]. The Court considered the Motion and Plaintiff's Response (ECF No. 25]. No reply was filed.

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Rule 1 of the Federal Rules of Civil Procedure guides the Court's exercise of discretion to stay discovery with an eye toward ensuring a "just, speedy, and inexpensive determination of every action." *Long v. Gamo Outdoor S.L.U.*, Case No. 2:22-cv-00670-JAD-DJA, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022). With Rule 1 as its prime directive, this Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); Fed. R. Civ. P. 26(c)(1) (court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery). To decide whether a stay of discovery is warranted pending the outcome of a dispositive motion, the Court should consider: (1) whether the motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought," and (2) "whether the pending potentially dispositive motion can be decided without additional discovery." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288

F.R.D. 500, 503 (D. Nev. 2013); *see also*, *e.g.*, *Klaizner v. Ditech Financial LLC*, Case No. 2:16-cv-00414-GMN-CWH, 2016 WL 3176579 (D. Nev. June 2, 2016). In applying this two-pronged test, courts take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582-83 (D. Nev. 2013). The Court's preliminary peek is not intended to prejudge the outcome of the pending dispositive motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay*, 278 F.R.D. at 603.

Here, a preliminary peek at the Motion to Dismiss (ECF No. 24) convinces the Court Provest Litigation Services will prevail in dismissing Plaintiff's claim under 42 U.S.C. § 1983 as there is no state action that would render this statute applicable to the moving defendant. The Court further finds a high likelihood that the claim asserting negligent training, supervision, and retention will not survive. However, the Court is not convinced that the Motion to Dismiss will dispose of claims under the FDCPA based on arguments addressing standing or pleading sufficiency. Even if the Court finds Plaintiff does not sufficiently plead these claims or clearly assert damage in his Complaint, he will likely be granted leave to amend under the liberal standard applied to *pro se* plaintiffs. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citation omitted). Thus, the Motion to Dismiss will not be dispositive of the entire case.

Discovery properly proceeds on a limited basis as to whether Provest Litigation Services is or is not subject to the FDCPA, and whether Plaintiff suffered harm (damages). This discovery may further inform the parties regarding whether this case is properly before the Court.

Accordingly, IT IS HEREBY ORDERED that Provest Litigation Services, LLC's Motion to Stay Discovery (ECF No. [25]) is DENIED.

IT IS FURTHER ORDERED that discovery may proceed on a limited basis only as follows: (1) whether Provest Litigation Services is subject to the FDCPA, and (2) what, if any damages Plaintiff suffered. Each Defendant may propound no more than 10 interrogatories and 10 document requests. Plaintiff may take a Fed. R. Civ. P. 30(b)(6) deposition of Defendant on the issue of

whether Provest is subject to the FDCPA and Defendant may depose Plaintiff on damages. Each of these depositions is limited to three hours. This period of discovery is to last no more than 90 days measured from October 30, 2026 through December 30, 2026.

IT IS FURTHER ORDERED that at the conclusion of this discovery, the parties are to file a status report with the Court no later than **January 15, 2027** addressing (1) whether the Motion to Dismiss remains pending, (2) if so, whether discovery conducted under this Order warrants withdrawal of the Motion to Dismiss and the filing of renewed dispositive motions; and (3) if the Motion to Dismiss was ruled upon and did not resolve the case in its entirety, the status of an amended complaint, if any, and additional discovery or motions practice proposed. The Court will then issue a scheduling order.

Dated this 29th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE