UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD SPARKS,

Plaintiff,

v.

AMERICAN EXPRESS NATIONAL BANK; ZWICKER & ASSOCIATES P.C.; SEAN AMBROSE; SYLVIA ROCHA; and PROVEST LITIGATION SERVICES, LLC,

Defendants.

Case No. 2:26-cv-02443-JAD-EJY

**ORDER**

Pending before the Court is Defendant ProVest Litigation Services LLC's ("ProVest") Motion for Reconsideration. ECF No. 39. The Court reviewed the Motion, Plaintiff's Response (ECF No. 42), and Defendant's Reply (ECF No. 44). The Court finds as follows.

Well settled law establishes that motions for reconsideration are "not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.,* 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); *see also Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("reconsideration [is not] to be used to ask the Court to rethink what it has already thought"). United States District Court for the District of Nevada Local Rule 59-1(a) makes clear that motions for reconsideration are disfavored. Local Rule 59-1(b) states: "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." The Rule goes on to explain that to obtain relief by way of reconsideration, the party seeking such relief must demonstrate "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*

On October 29, 2026, the Court denied in part ProVest's Motion to Stay Discovery (ECF No. 25) after a preliminary peek at the motion to dismiss (ECF No. 36) indicated there was an unresolved issue regarding ProVest's status as a debt collector subject to the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 35 at 2. The Court further noted this discrepancy in its November 9, 2026 minute order denying Plaintiff's proposed discovery plan. ECF No. 43 *citing* ECF No. 25 at 4:18-20 and 25-26 ("ProVest argued: 'Plaintiff has failed to delineate with any specificity or particularity how ProVest violated the Fair Debt Collection Practices Act'" and "'the FDCPA does not apply to ProVest because ProVest is not a debt collector.'"). In the pending motion, ProVest raises that Plaintiff asserts no claim related to the FDCPA against ProVest in his Complaint. ECF No. 39 at 4-5 *citing* ECF No. 12 at 5. Instead, these claims are asserted against Defendants Zwicker & Associates P.C. and Sean Ambrose only. *Id.* at 2 *citing id.* at 5. Why ProVest did not raise this issue in its Motion to Stay Discovery is unknown; however, the decision to allow discovery to proceed for purpose of determining whether ProVest is a debt collector subject to the FDCPA is clearly based on a factual error.

Accordingly, IT IS HEREBY ORDERED that Defendant ProVest's Motion for Reconsideration (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that the Court's prior Order at ECF No. 35 is VACATED to the extent that the Court ordered limited discovery as to ProVest's status as a debt collector.

IT IS FURTHER ORDERED discovery in this matter is stayed pending the resolution of ProVest's Motion to Dismiss at ECF No. 36.

IT IS FURTHER ORDERED that no later than 14 days of resolution of the pending Motion to Dismiss the parties must file a status report identifying what claims remain pending, if any, whether leave to amend has been granted, a scheduling order addressing motion practice that may be applicable, and discovery that should proceed.

Dated this 19th day of November, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE